# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

DEVIN GOURLEY, individually and on behalf of all similarly situated persons,

     Plaintiff,

v.

NISSAN NORTH AMERICA, INC.

     Defendant.

Case No. **1:17-cv-00441**

JURY DEMANDED

CLASS ACTION

_____

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT
_____

Plaintiff Devyn Gourley, individually and as class representative on behalf of all similarly situated persons, brings this action against Defendant Nissan North America, Inc. ("Nissan" or "Defendant"), and alleges as follows:

## NATURE OF THE CASE

1.    Plaintiff brings this proposed class action on behalf of himself and other Texas residents that own or lease a 2007-2009 Nissan Altima. Nissan sold the vehicles without first telling consumers that Nissan had opted to install dashboards in the vehicles that ***do not*** withstand exposure to sunlight and that melt, emit a noxious chemical smell, and take on a reflective quality. When the dashboards become reflective, drivers trying to see through the windshield have to struggle to see past the image of the dashboard in the windshield. When the sun or another bright light catches the dashboard at the right angle, the glare off of a melted dashboard

can significantly obstruct the driver's view, thus endangering  the motoring public.

2.      On January 6, 2017, the United States District Court for the Southern District of Florida entered *Final Order and Judgment* in Cause No. 0:14-cv-62567, *Sanborn, et al. v. Nissan North America, Inc.* ("*Sanborn*") certifying the following class:

> All consumers who are residents of, and purchased or leased a new or used 2008 or 2009 Nissan Altima in, the State of Florida on or before April 1, 2017. The Settlement Class excludes any people or businesses that did not purchase or lease the Class Vehicles as consumers, thereby excluding any automobile dealers of any kind or others who did not lease or purchase the Class Vehicles for ordinary consumer use.[1]

3.      In *Sanborn*, the plaintiff filed an almost identical class action case against Nissan North America, Inc. on behalf of a class of Florida residents. After preliminary approval of the class action settlement in *Sanborn*, the district court authorized that Class Notice be issued.[2]

4.      On behalf of himself and the proposed Texas class, Plaintiff seeks to compel Nissan to warn drivers about the known  defect and to bear the expense of replacing dashboards that should never have been placed in the stream  of commerce in the first place.

**<u>PARTIES</u>**

5.      Plaintiff Devyn Gourley is a citizen and resident of Austin, Texas, located in the Western District of Texas.

6.      Defendant Nissan North America, Inc. has its headquarters and principal place of business in Franklin, Tennessee.  Nissan North America, Inc. is the U.S. subsidiary of Nissan Motor  Company, Ltd., which is a company that has its headquarters in Japan.  Nissan North America, Inc. is licensed to do business in Texas and can be served with process by and through its registered agent, CSC-Layers Incorporating Service Company, 211 E. 7th Street, Suite 620,

---

[1] See *Final Order and Judgment* in Case No. 0:14-CV-62567, attached as Exhibit A.
[2] See *Class Notice* in *Sanborn*, attached as Exhibit B.

Austin, Texas 78701.

## JURISDICTION AND VENUE

7.     This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a) and (d) because the amount in controversy for the Class exceeds $5,000,000, and Plaintiff and other Class members are citizens of a different state than Defendant.

8.     This Court has personal jurisdiction over Plaintiff because Plaintiff submits to the Court's jurisdiction. This Court has personal jurisdiction over Nissan because Nissan conducts substantial business in this District, and some of the actions giving rise to the complaint took place in this District.

9.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## SUBSTANTIVE ALLEGATIONS

10.     Nissan North American, Inc. manufactures, markets, distributes, and warrants automobiles in the United States, including Nissan Altima cars.  This lawsuit concerns model years 2007-2009 Nissan Altima vehicles (the "Class Vehicles").

### The Altima Defect

11.     The Class Vehicles have   defective dashboards that melt and crack when exposed to sunlight.

12.     When the dashboards melt they produce a noxious chemical smell and ooze a chemical  compound that is sticky to the touch.  The dashboards also melts, deforms, cracks, and tears, as can be   seen below.  The degradation causes the dashboards in Class Vehicles to become reflective, resulting in   unpredictable glare being cast onto the windshield and into the drivers' eyes.  This makes it difficult and   sometimes impossible to see and safely operate the vehicle,

putting drivers, passengers, and others on the  road at risk.  Even when a driver's vision is obstructed for just a moment, the driver cannot see and  respond to hazards, such as children running in front of the vehicle or pedestrians trying to cross the  road.

13.    In addition, the Class Vehicles are equipped with a passenger side airbag that deploys  through precisely designed perforations in the dashboard.  The parts affecting airbag release are designed  with great attention to detail, with the recognition that in an accident it is essential that they deploy as designed. Thus, the spacing and size of the perforations designed to facilitate the properly timed and located airbag release are subject to precise specifications. As the dashboards in Class Vehicles degrade, however, they commonly become  visibly misshapen, raising the likelihood that in the  event of a collision, the airbag will not release as designed.

14.    The following photos were taken inside Plaintiff Gourley's 2008 Nissan Altima demonstrate  the dangerous glare that comes off his melted dashboard and how it can obstruct the driver's vision:







15.     Other owners of 2007-2009 Altimas have posted pictures on Nissan's Facebook page showing the severity of the glare from their melting dashboards. For example, Cindi posted the following pictures of the glare from her melting Nissan Altima dashboard on Nissan's Facebook page on April 3, 2014[3]:

---

[3] https://www.facebook.com/nissanusa/posts/10152938385130375# ; These pictures were also reproduced in a news story at: http://www.wptv.com/web/wptv/money/consumer/the-center-for-auto-safety-thinks-melting- dashboards-are-a-safety-defect-and-should-be-recalled?searchType=ALL&compId=517381720







16.     As seen in this picture, Cindi showed Nissan how much her view was obstructed by the  glare from her melting dashboard.  The first picture shows how the glare makes it very difficult to see a  pedestrian just a few feet from the vehicle.

17.    On May 28, 2014, Art posted a picture on Nissan's Facebook wall showing the glare on his windshield from his melted Nissan Altima dashboard[4]:



18.    As this was posted on Nissan's Facebook page, which the company routinely monitors, Nissan has had the opportunity to get a firsthand look at how the defect affects drivers. As the photograph above shows, the shiny surface of Art's melting dashboard created a reflection on the windshield of his car that makes it very hard to see when driving.

19.    At least two drivers have reported getting into accidents because of the glare from Nissan's melting dashboards. As a result of the defect, there have been at least two reported accidents, while many other drivers have told Nissan and the National Highway Traffic Safety Administration ("NHTSA") that they feel unsafe driving their vehicles. Because the replacement of the dashboard can cost several thousand dollars, however, and because Nissan refuses to cover the full cost of repairs, many drivers are not in a position to replace the dashboard when they learn of the problem. Additionally, Nissan has provided no assurances that replacement dashboards

---

[4] https://www.facebook.com/nissanusa/posts/10152938385130375#

will not suffer from the same problems. Moreover, Nissan has recognized the defect but only chosen to repair it for drivers who reside in Florida.

20.     A driver of a 2008 Altima reported on April 16, 2014 that he got in an accident on September 1, 2012.  The driver stated in his NHTSA complaint:

> On February 2013 I had a frontal car accident due to the glare on my windshield of my melting dashboard on my 08 Altima.  My dashboard seems to be melting without no reason.  Dealer will not replace defective dashboard as it is not part of a recall.  This is a serious issue which may cause a serious accident [or even] death to a motorist or pedestrian.  Nissan needs to make a recall on this issue.  It is obvious that this was a defect on their behalf for the majority of 08 Altimas.[5]

21.     One driver reported in his NHTSA complaint that the glare from his melting dashboard caused him to veer off the road and crash into an embankment on February 17, 2014. He stated in his  NHTSA complaint:

> The dashboard on my 2008 Nissan Altima coupe has melted (possible plasticizer  migration) and it has become very difficult to drive because of the glare it produces on the  windshield, this lead to me to veer off the road and into the embankment.  The Nissan dealer told us that they have seen a lot of dashes on the Altima with this problem in  Florida, but there is nothing they can do because it is out of the initial factory warranty  and they claim the Nissan extended warranty does not cover it.  Several Florida residents who own 2008 Altima coupes are experiencing the same problem.  This appear to be a  manufacturers defect and has really become a serious safety hazard.  I respectfully  request you're help in this matter.  I can provide pictures if necessary.  Below are a few forums              addressing              the              situation HTTP://FORUMS.NICOCLUB.COM/MY-     DASHBOARD-IS-MELTING-T569582.HTML HTTP://WWW.ALTIMAFORUMS.NET/SUPER-STICKY-DASHBOARD-T15553.HTML?T=15553 HTTP://WWW.NISSANCLUB.COM/FORUMS/2007-2012-NISSAN-ALTIMA-DISCUSSION-2-5-3-5/343066-MELTING-DASHBOARD-PROBLEM.HTML

---

[5] NHTSA ID Number: 10583012.

HTTP://WWW.CARCOMPLAINTS.COM/NISSAN/ALTIMA/20
08/ACCESSORIES-
INTERIOR/DASHBOARD_IS_MELTING.SHTML
HTTP://WWW.ABOUTAUTOMOBILE.COM/COMPLAINT/200
8/NISSAN/ALTIMA/WINDOW
HTTP://MYTHREECENTS.COM/SHOWREVIEW.CGI?ID=109390.
*TR (date of incident: 2/17/14, date of complaint: 2/20/14).[6]

22.    Below are further examples of complaints lodged with NHTSA reflecting drivers'

safety  concerns:

2008 Altima:  Beginning in 2012 (less than 4 years after purchasing
my car), I started to  notice that portions of the dashboard were
melting.  In the years since, it has gotten  progressively worse.  My
mechanic told me he's never seen anything like it, even in  much,
much older cars.  From what I can  tell, many others  are
experiencing this same  problem.  This is not a cosmetic issue, but
rather a serious safety concern.  The melting  dashboard is shiny
and reflect sunlight, causing sudden blinding glares while driving.  I
have experienced these sudden flashes of light several times on the
highway.  The    reality of being  unable  to  see  while  at  speed
exceeding  60  miles is incredibly  scary  and  dangerous. (date of
incident: 8/1/12, date of complaint: 4/20/14).[7]

2009 Altima:  My 2009 Nissan Altima Coupe'[s] Dahs is melting.
A car dealership  told me when the dashboard is melting the airbag
on the passenger side will not deploy  correctly in a crash.  I also
can not see out of the front windshield because the shiny  sticky
mess throws a blinding glare while driving.  Nissan will not help
me.  This is a  problem with the product used for the dashboard.
(date of incident: 11/1/13, date of
complaint: 5/2/14)[8]

2007 Altima:  My Nissan Altima, the dashboard is starting to crack
and melt.  The local  news channel in my area did investigation on
this problem.  Looks like I'm not the only  one having this problem.
They advise to file a complaint, and the local dealership only
solution is to  have  the  whole  dashboard  replaced. (date  of
incident:5/1/13, date of  complaint: 6/13/14).[9]

---

[6] NHTSA ID Number: 10565148.
[7] NHTSA ID Number: 10583727.
[8] NHTSA ID Number: 10586129.
[9] NHTSA ID Number: 10598251.

2008 Altima:  The dashboard on my Nissan Altima is melting.  The material has  become very shiny and sticky creating a horrible glare on my windshield and I cannot  see while I am driving.  It is very dangerous and I was told by Nissan the melting  material is emitting fumes.  The windshield also has a constant film on it from the melting  material, which combined with the glare is hazardous. (date of incident:
12/16/13, date of complaint: 8/13/14)[10]

2009 Altima:  My dashboard is sticky and appears to be melting away.  This shiny  surface causes an awful glared reflection on the windshield.  Also, it causes the car to  appear old and everything sticks to it including papers and insects.  It's pretty gross!  (date of incident: 1/1/13, date of complaint: 4/8/14).[11]

2008 Altima:  Affected are of vehicle: Dashboard This is a safety hazard!  The vehicle  was purchased on 7/14/2012.  At the time of purchase, it had approximately 36889  miles.  Purchased as a previously owned vehicle.  About one month after, we noticed  that the top of the dashboard by the windshield material started to melt. The material, is  a like a foam that gets hot, sticky and starts to melt.  It can start a fire any minute. We took the vehicle to the Nissan dealership, located at Semoran Blvd in Orlando, Fl,  the same place we bought the car two months before.  The staff at the dealership proceeded to inform me that, after several visit, that they never seen something like that  and they couldn't do anything because the warranty expired.  We took the vehicle to a  Nissan authorized shop.  The technician informed us for that for the Nissan model for  that year 2008 the material used was not the standard one.  We are reaching out to  Nissan to remedy this problem immediately.  This is not only an issue that needs to be  cover by the manufacturer and present a safety hazard to my family and the community  in general.  If we don't hear from Nissan in 10 days we are going to go to BBB and the government.  (date of incident: 9/17/12, date of complaint: 12/26/12).[12]

2008 Altima:  I noticed about 6 months ago, that there was a shiny, sticky substance on  my dashboard and it has been getting worse as the months go by.  It has gotten to a point  that it is dangerous for me to drive my car because of the glare that it produces off  my windshield.  I can't even put something over the dash, cause it will stick and tear the  dash board apart, if it moves.  This is not only a

---

[10] NHTSA ID Number: 10622045.
[11] NHTSA ID Number: 10578396.
[12] NHTSA ID Number: 10490156.

hazard to myself, but to anyone else in my car and to other drivers. I pointed it out to a representative at Nissan dealership months ago and he said he didn't know what was causing it, he couldn't help me. I feel it's a defective type material and I'm sure its also not a healthy breathing environment for me. (date of incident: 9/1/13, date of complaint: 3/14/14).[13]

2008 Infiniti G35: Dashboard is sticky and melting causing glare on windshield (date of incident: 10/17/13 date of complaint: 10/07/14).[14]

2006 Infiniti M35: The dashboard in my vehicle is melting. There is a glare that blind me and the dash above the steering wheel melts so bad and gets so hot it burns my fingers while driving. I try to avoid touching it but forget sometimes. I shouldn't have to avoid getting burned while driving. (date of incident: 8/13/14 date of complaint: 8/13/14).[15]

2008 Infiniti M35: Dashboard is shiny, sticky & gummy in number of areas. The vehicle is one owner (owned by a retired person), has always been garage kept & does not sit outside in the elements. It has been meticulously maintained & the dash has never had any substances (i.e. protectants) applied. The local Infiniti dealer's service department inspected the dash & stated that the material was breaking down & the dash needs to be replaced. A case was initiated with Infiniti USA that resulted in the manufacturer declining to accept any responsibility due to the vehicle no longer being within the original warranty period. The repair has not yet been completed due to the high cost involved. (date of incident: 3/15/14, date of complaint: 9/16/14).[16]

2007 Infiniti G35: Top of dashboard melting and creating a glare (date of incident: 7/10/13, date of complaint: 9/2/14).[17]

2008 Infiniti G37: My dashboard is melted. Obvious defect of the manufacturer…It's sticky and shiny which makes it hard to see and pay attention while I'm driving. I saw that other people have the same problem from my local news station and decided to fill this out. *JS (ellipses in original) (date of incident: 11/20/13, date

---

[13] NHTSA ID Number: 10569275.
[14] NHTSA ID Number: 10643103.
[15] NHTSA ID Number: 10622060.
[16] NHTSA ID Number: 10633643.
[17] NHTSA ID Number: 10630188.

of complaint: 4/30/14).[18]

**NISSAN'S KNOWLEDGE OF THE DEFECT AND THE DANGERS POSED**

23.     Nissan knew or should have known when it sold the Class Vehicles that the dashboards would not hold up to exposure to sunlight and that the result would be an unsafe condition for drivers.

24.     Nissan has known for decades that dashboard reflections can impair drivers' vision and can make it harder to see pedestrians and objects on the road. For instance, a paper published in 1996 by researchers for the University of Michigan Transportation Research Institute found that when a dashboard casts a reflection in the windshield it can impair the drivers' vision. *See* Schumann, Josef, Daytime Veiling and Driver Visual Performance: Influence of Windshield Rake Angle and Dashboard Reflectance, *The University of Michigan Transportation Research Institute* (1996).

25.     Likewise, product defects that obstruct the vision of drivers pose a severe safety hazard, and there have been many recalls related to obstructions of the driver's vision. For instance, there were several recalls in 1998 for defective windshield wipers in Nissan 200sx cars because when windshield wipers cannot clean the glass of the windshield, a driver's vision can be obstructed.[19] Other automotive manufacturers, such as Ford, have had recalls because of bubbles that form on the windshield in higher temperatures, which could obstruct drivers' vision.[20] Similarly to these prior recalls, the Class Vehicles' melting dashboards pose a severe safety hazard to drivers because they can obstruct a driver's vision.

26.     Nissan became aware in at least 2006 that drivers were complaining that the

---

[18] NHTSA ID Number: 10585806.

[19] http://www.automd.com/recall/nissan_m/200sx_mm/

[20] http://www.ncconsumer.org/news-articles/ford-recalls-e-series-vehicles-with-windshield-defect.html

dashboards  in its Infiniti FX 35 and FX 45 Infiniti vehicles were melting and degrading.  Nissan was ultimately  persuaded to extend the warranty for those vehicles, covering dashboard degradation for up to 8 years in  2003-2008 FX 35 and FX45 vehicles.  Many owners of 2003-2008 FX35 and FX45 Infiniti vehicles, however, were still denied a repair of their dashboards because their vehicles were out of the 8  year extended warranty when their dashboards started to melt and deteriorate.  Nissan also did not  compensate the Florida owners of 2003-2008 FX35 and FX45 Infiniti vehicles for the loss in resale value  to their vehicles from the known problem with Infiniti's melting dashboards.  Nissan also never disclosed  to drivers that their melting dashboards were a safety hazard and maintained that the issue was merely  cosmetic.

27.    Despite Nissan's knowledge in at least 2006 that its Infiniti dashboards melted and degraded with exposure to sunlight, Nissan continued to install dashboards that melt when exposed to  sunlight. Furthermore, Nissan never extended its warranty to drivers of vehicles with melting  dashboards in Nissan 2007-2009 Nissan Altima, 2006-2008 G35 Infiniti, 2006-2008 M35 Infiniti, and  2008-2009 G37 Infiniti vehicles.

28.    Given the composition of the dashboards in the Class Vehicles, Nissan knew or should have  known that the dashboards would melt and crack with exposure to sunlight.  Nissan nonetheless decided  to sell Class Vehicles without altering the dashboards, putting Nissan drivers, passengers, and others on  the road at risk.  Nissan did not tell customers or dealers that the dashboards would melt and crack with  exposure to sunlight.  Nissan thus had exclusive and superior knowledge of the dashboard defect and  actively concealed the defect and corresponding danger from consumers who had no way to reasonably  discover the problem before buying and driving their vehicles.

29.    Had consumers been aware of the dashboard defect in their vehicles, they would not have purchased their vehicles or would have paid far less money for them. As Nissan knows, a reasonable person would consider the dashboard defect important and would not purchase or lease a vehicle with a potentially defective dashboard or would pay substantially less for the vehicle.

30.    Although there have been numerous complaints about the dashboards through the NHTSA website (which Nissan monitors), posted on Nissan's Facebook page, and made directly to Nissan customer service, Nissan continues to deny the existence of a safety defect for those owners residing in Texas, even though Nissan has recognized the defect for Florida owners. Additionally, the defect was discussed in a Florida ABC-affiliate news segment, which showed pictures of the glare that drivers experience from their melting dashboards.[21] In response to the news report about the dashboard defect, Nissan stated: "We have become aware of a few isolated consumer complaints about the dashboard appearance in their vehicle." This statement was made prior to Nissan accepting responsibility for the defect for Florida residents.

### Nissan's Refusal to Repair the Defective Dashboards

31.    Despite the large amount of evidence, number of warnings that Nissan has had about the safety risk that melting dashboards pose, and the class action settlement for Florida owners, Nissan has refused to notify its other customers of the dashboard safety defect or to cover the full costs of repairs for the Class Vehicles. The total for parts and labor to replace a dashboard is around $2,000, depending on where the part is replaced. Just the cost of the labor may total nearly $1,000, depending on the location of the Nissan dealership.

---

[21] http://www.wptv.com/money/consumer/sticky-shiny-safety-issue-drivers-complain-of-sun-glare-from-melting-dashboards

32.    Many customers have made complaints to NHTSA about Nissan's failure to pay

for the  full cost to replace defective dashboards:

> 2009 Altima:  I purchased a 2008 Nissan Altima Brand New in
> 2007, and currently the  dashboard is melting.  I recently visited my
> local Nissan dealership as I was told to do so  by Nissan Consumer
> Affairs for a diagnostics.  There the dealership also agreed the
> dashboard is peeling and melting.  I was quoted a total cost of
> $1860 for parts and labor.  I  then contacted Nissan Consumer
> Affairs regarding the matter and they created a case #  and said they
> would get back with me on the issue.  A week later they contacted
> me to  say that they will pay for the parts but not the labor because
> my  vehicle is  no longer under  warranty.  I cannot possibly
> understand why I should be penalized or have to pay          for any
> of this when it is completely not my fault.  This is the first have
> ever seen of a  melting dashboard and I've had two cars prior to his
> one, one being a 1995 and there  were no issues of a melting
> dashboard.  This melting dashboard is also hazardous for me,  the
> child I am carrying and my two year old son, as it does affect my
> view while driving  when its sunny out, which is pretty much all the
> time where I live, there is a really bad  glare of the dashboard on my
> windshield.  Unfortunately, this  car is  my  only  means  of
> transportation and buying another car is out of the question for me
> financially.  (date  of  incident:  7/11/14  date  of  complaint:
> 7/18/14).[22]
>
> 2008 Altima:  My 2008 Altima Coupe Dashboard is melting.  It
> started with a small spot  on the dash, I thought it was [moisture]
> from the air conditioner.  A few days later the  spot was getting
> larger.  I felt it and it felt like sticky clear glue.  Now it's getting
> larger  almost all the way across the dash.  I took it to the Nissan
> dealership and the guy said he  ha[s] never seen anything like this.
> He told me the only thing he can do is order another  one for me and
> that's over $2,000.00.  I feel that I should not have to pay for
> another  dashboard, when it's a defect from the manufacturer and it
> needs to be a recall on this product. (date of incident: 6/2/13, date of
> complaint: 7/26/14).[23]
>
> 2008 Altima:  The dashboard has been melting and getting gooey
> and sticky for months.  This causes a distracting sparkling reflection
> on the windshield during certain days when  it is very sunny and the
> sun  shines  directly  at  windshield.  The  defect  was  reported  to

---

[22] NHTSA ID Number: 10614598.
[23] NHTSA ID Number: 10616446.

Nissan (dealership in Fort Lauderdale, Florida, and the corporate office) but the company does not want to pay for repairing it because the warranty has expired, despite numerous similar complaints by other owners of the same model and the safety issue. (date of incident: 5/15/14, date of complaint: 6/9/13).[24]

2008 Altima: Sometime in December 2013 I noticed the dashboard of my Nissan Altima 2008 melting causing a shiny substance [that] causes a tremendous glare on the windshield which makes it difficult to see when driving. This should not be happening…obviously defective materials by Nissan. I have researched and on one complaint forum alone found 196 pages of the same complaint and the same year and model . . . I filed a complaint directly with Nissan on 2-17-14 I was told that I needed to get a diagnoses from a Nissan dealer so I did … Nissan clearly stated that the dashboard needed to be replaced … well on 2-21-14 a Nissan rep named [xxx] out of Tennessee called me back and said that Nissan will not pay for the replacement of the dashboard… I can supply you with photos of my issues and a list of 100's of others with the same complaint. I appreciate your assistance with this matter. (redactions and ellipses by NHTSA) (date of incident: 12/13/13, date of complaint: 2/23/14).[25]

33.     Nissan's refusal to pay for the complete cost of dashboard repairs has caused great hardship to Nissan owners. Many drivers cannot afford to spend up to $2,000 to replace their dashboards and are forced to continue to drive unsafe cars, risking getting into an crash. Nissan owners also have difficulty selling their vehicles because of their melted dashboards. Nissan owners who are able to sell their cars with melted dashboards are forced to sell their vehicles at a steep discount due to the dashboard defect.

**PLAINTIFF'S EXPERIENCE**

34.     Devyn Gourley purchased his 2008 Nissan Altima in November of 2012 from Joe Self Chevrolet in Wichita, Kansas. Mr. Gourley purchased a Nissan because members of his family had always been loyal Nissan buyers, believing them to be vehicles of high quality and

---

[24] NHTSA ID Number: 10596975.
[25] NHTSA ID Number: 10565528.

superior safety.  Although the car was used when Mr. Gourley purchased the 2008 Altima, the dashboard was in excellent condition.

35.    In approximately May 2015, after Mr. Gourley moved to Austin, Texas, he noticed dust collecting on his dashboard and used a dry cloth to try to wipe it off.  However, Mr. Gourley's attempt to clean his dashboard only caused fuzz from the dry cloth to stick onto the dash along with the dust.  At this time, Mr. Gourley felt the dashboard and discovered it to be sticky to the touch.

36.    The condition of Mr. Gourley's dashboard progressively worsened as the summer months got hotter, and the dashboard continued to melt and become stickier.  As time passed, the melting of the dashboard caused a blinding reflective glare, making it difficult to see out of the windshield and obstructing Mr. Gourley's view while driving the vehicle.

37.    When Mr. Gourley took his Altima to his local Nissan dealership for an oil change and other routine maintenance later in 2015, he inquired about the sticky and reflective dashboard.  Those at the Nissan dealership directed him to call Nissan's Consumer Affairs phone line.  After Mr. Gourley called the Nissan Consumer Affairs line, he was told in approximately January 2016, that the company would look into his complaint.  Nissan Consumer Affairs ultimately responded that the company was not able to assist Mr. Gourley in resolving his complaint.

38.    As time passed, the condition of Mr. Gourley's dashboard continued to worsen and his visibility was severely restricted when the sun struck the dash.  Again, in approximately 2016, he complained to his local dealership and again he was directed to call Nissan's Consumer Affairs phone line.  After initially opening a case number regarding his complaint and acknowledging the Florida class action settlement, Nissan, despite an increasing number of

complaints nationwide, did not resolve the problem.

39.    At this time, Mr. Gourley's dashboard continued to degrade with exposure to the sunlight and the dangerous glare remains making it difficult for him to safely drive his Altima as he expected.

40.    The complaints with Nissan dashboards are well documented with hundreds of posts on consumer websites and social media by consumers from Texas, Florida, Mississippi, Georgia, Missouri. Oklahoma, Hawaii, Arizona, Alabama, North Carolina.  Texas consumers specifically have been significantly impacted by the dangerous and defective dashboards.


**October 25, 2014 NHTSA ID NUMBER: 10649948**
## Components: UNKNOWN OR OTHER
**NHTSA ID Number:** 10649948

**Incident Date** August 15, 2014

**Consumer Location** DECATUR, TX

**Vehicle Identification Number** 1N4AL24EX8C****


**Summary of Complaint**

CRASHNo

FIRENo

INJURIES0

DEATHS0
DASH HAS MELTED CAUSING STICKY MESS AND GLARE CAUSING LACK OF VISIBILITY WHILE DRIVING WHICH COULD RESULT IN AN ACCIDENT. CONTACTED NISSAN SEVERAL TIMES THEY WERE NO HELP AND SAID THEY WOULD NOT HELP WITH COST OF REPLACING DASH. *TR

**1 Associated Product** [26]

---

[26] https://www.nhtsa.gov/vehicle/2008/NISSAN/ALTIMA/4%252520DR/FWD#complaints

## November 21, 2015 NHTSA ID NUMBER: 10795256
## Components: VISIBILITY/WIPER, UNKNOWN OR OTHER

**NHTSA ID Number:** 10795256

**Incident Date** June 8, 2014

**Consumer Location** FRISCO, TX

**Vehicle Identification Number** 1N4AL24E58C****

**Summary of Complaint**

CRASHNo

FIRENo

INJURIES0

DEATHS0
THE MATERIAL ON THE DASH IS MELTING, AND THERE ARE CHUNKS BREAKING OFF, GREATLY AFFECTING THE VALUE OF MY VEHICLE. THIS ALSO CAUSES A REFLECTION ON THE WINDSHIELD. THERE IS A GLARE IN THE DIRECT LINE OF MY VISION AND WHEN DRIVING INTO THE SUN IT IS VERY DIFFICULT TO SEE. I HAVE HEARD OTHER MAKES OF THIS SAME YEAR HAVE HAD SIMILAR PROBLEMS, AND HAD MANUFACTURE RECALL. HOPEFULLY NISSAN WILL FOLLOW SUIT. SOON.

**1 Associated Product** [27]

## August 12, 2015 NHTSA ID NUMBER: 10748306
## Components: UNKNOWN OR OTHER

**NHTSA ID Number:** 10748306

**Incident Date** May 1, 2013

**Consumer Location** HOUSTON, TX

**Vehicle Identification Number** 1N4AL21E28N****

**Summary of Complaint**

CRASHNo

FIRENo

INJURIES0

DEATHS0

---

[27] https://www.nhtsa.gov/vehicle/2008/NISSAN/ALTIMA/4%252520DR/FWD#complaints

I PURCHASED MY NISSAN ALTIMA USED IN 2012. A LITTLE MORE THAN A YEAR LATER, I NOTICED STICKY SPOTS ON MY DASHBOARD. INITIALLY, I THOUGHT I HAD CLEANED MY DASHBOARD WITH THE WRONG PRODUCT. HOWEVER, THE ISSUE HAS GOTTEN PROGRESSIVELY WORSE SINCE THEN, AND I NOW KNOW THAT THE STICKINESS IS CAUSED BY MY DASHBOARD MELTING IN THE SUN. LARGE STICKY, SHINY AREAS COVER MY DASHBOARD AND CAUSE A VERY SERIOUS GLARE ON MY WINDSHIELD THAT AFFECTS MY VISION WHEN DRIVING. THIS IS A VERY SERIOUS HAZARD FOR ME AND FOR THE DRIVERS AROUND ME. IT IS A DEFECT OF VEHICLE'S CONSTRUCTION AND SHOULD BE ADDRESSED BY THE MANUFACTURER.

**1 Associated Product** [28]

May 3, 2016 **NHTSA ID NUMBER: 10862785**
**Components: UNKNOWN OR OTHER, VISIBILITY/WIPER**
**NHTSA ID Number:** 10862785

**Incident Date** January 1, 2014

**Consumer Location** HOUSTON, TX

**Vehicle Identification Number** 1N4AL21E08N****

**Summary of Complaint**

**CRASH**No

**FIRE**No

**INJURIES**0

**DEATHS**0

THE DASHBOARD OF MY CAR HAS MELTED, PRESUMABLY FROM THE HOT SUN. IT HAS BECOME STICKY AND MESS. HOWEVER, IT HAS ALSO BECOME VERY SHINY. THE SHINE REFECTS DANGEROUSLY INTO THE WINDSHIELD WHILE DRIVING, OBSCURING OBJECTS, INCLUDING CARS AND PEDESTRIANS, ON THE ROAD.

THE PROBLEM FIRST BEGAN ABOUT TWO YEARS AGO BUT HAS GOTTEN PROGRESSIVELY WORSE. THE ATTACHED PHOTO, TAKEN TODAY, SHOWS HOW THE DRIVER CANNOT SEE A LARGE SUV RIGHT IN FRONT OF HIS VEHICLE BECAUSE OF THE GLARE ON THE WINDSHIELD CAUSED BY THE MELTED DASHBOARD.

**1 Associated Product** [29]

---

[28] https://www.nhtsa.gov/vehicle/2008/NISSAN/ALTIMA/4%252520DR/FWD#complaints
[29] https://www.nhtsa.gov/vehicle/2008/NISSAN/ALTIMA/4%252520DR/FWD#complaints

## February 13, 2016 NHTSA ID NUMBER: 10826015
## Components: UNKNOWN OR OTHER, VISIBILITY/WIPER

**NHTSA ID Number:** 10826015

**Incident Date** February 12, 2016

**Consumer Location** SUGAR LAND, TX

**Vehicle Identification Number** 1N4AL21E78N****

**Summary of Complaint**

**CRASH**No

**FIRE**No

**INJURIES**0

**DEATHS**0

DASHBOARD MELTING. IT IS EXTREMELY DIFFICULT TO SEE THE PEDESTRIAN, ROAD, VEHICLES DUE TO GLARE ON THE WINDSHIELD WHEN THE SUNLIGHT REFLECTS FROM THE DASHBOARD. THE GLARE IMPAIRS THE VISION AND WE HAD MANY NEAR MISS INCIDENTS THAT COULD HAVE COST LIVES, PROPERTY DAMAGE. WE REQUEST RECALL CONSIDERING THE SAFETY OF ALL ON THE ROAD.

**1 Associated Product**[30]

## September 28, 2015 NHTSA ID NUMBER: 10778196
## Components: UNKNOWN OR OTHER, VISIBILITY/WIPER

**NHTSA ID Number:** 10778196

**Incident Date** May 1, 2014

**Consumer Location** ROUND ROCK, TX

**Vehicle Identification Number** 1N4AL24E18C****

**Summary of Complaint**

**CRASH**No

**FIRE**No

**INJURIES**0

**DEATHS**0

---

[30] https://www.nhtsa.gov/vehicle/2008/NISSAN/ALTIMA/4%252520DR/FWD#complaints

DASHBOARD MELTED AND CAUSES A SEVERE GLARE ON THE FRONT
WINDSHIELD. THIS GLARE LIMITS VIABILITY AND IS DANGEROUS WHEN
DRIVING.

**1 Associated Product**[31]

**October 16, 2015** **NHTSA ID NUMBER: 10782605**
## Components: VISIBILITY/WIPER, UNKNOWN OR OTHER
**NHTSA ID Number:** 10782605

**Incident Date** July 22, 2013

**Consumer Location** BELLAIRE, TX

**Vehicle Identification Number** 1N4AL21E88N****

**Summary of Complaint**

**CRASH**No

**FIRE**No

**INJURIES**0

**DEATHS**0
THE DASHBOARD MELTS AND IT'S AN SAFETY ISSUE. SOMETIMES I CANNOT
SEE THE ROAD BECASUE THE MELTED DASHBOARD SHINES ON THE
WINDSHIELD.

**1 Associated Product** [32]

**June 15, 2015** **NHTSA ID NUMBER: 10725401**
## Components: UNKNOWN OR OTHER
**NHTSA ID Number:** 10725401

**Incident Date** May 1, 2014

**Consumer Location** HOUSTON, TX

**Vehicle Identification Number** 1N4AL21E08N****

**Summary of Complaint**

**CRASH**No

---

[31] https://www.nhtsa.gov/vehicle/2008/NISSAN/ALTIMA/4%252520DR/FWD#complaints
[32] https://www.nhtsa.gov/vehicle/2008/NISSAN/ALTIMA/4%252520DR/FWD#complaints

FIRENo

INJURIES0

DEATHS0

DASHBOARD IS MELTING WITH EXTREME GLARE OFF OF IT. STICKY TO TOUCH. SOMETIMES HARD TO SEE WITH GLARE. SINCE FIRST NOTICING IT, IT HAS NOW COVERED ALMOST 1/2 THE DASHBOARD.

**1 Associated Product** [33]

September 1, 2015 **NHTSA ID NUMBER: 10760717**
## Components: UNKNOWN OR OTHER
**NHTSA ID Number:** 10760717

**Incident Date** August 27, 2015

**Consumer Location** IRVING, TX

**Vehicle Identification Number** 1N4AL21E88N****

**Summary of Complaint**

CRASHNo

FIRENo

INJURIES0

DEATHS0

IT SEEMS LIKE NISSAN ALTIMA DASHBOARD IS MELTING AND NOW IT BECAME STICKY AND SHINY.WHILE DRIVING IN DIRECT SUN IT CREATES A GLARE ON THE WINDSHIELD AND HARD TO SEE THE ROAD CONDITION.IT IS A MAJOR SAFETY CONCERN FOR A DRIVER.THIS IS HAPPENING MAY BE NISSAN USED A LOW QUALITY MATERIAL FOR THE DASH.THIS NEEDS TO BE RECALLED AND FIXED BY NISSAN.

**1 Associated Product**[34]

August 30, 2016 **NHTSA ID NUMBER: 10899611**
## Components: UNKNOWN OR OTHER
**NHTSA ID Number:** 10899611

**Incident Date** June 5, 2016

**Consumer Location** CHANNELVIEW, TX

---

[33] https://www.nhtsa.gov/vehicle/2008/NISSAN/ALTIMA/4%252520DR/FWD#complaints
[34] https://www.nhtsa.gov/vehicle/2008/NISSAN/ALTIMA/4%252520DR/FWD#complaints

**Vehicle Identification Number** 1N4AL21E48N****

**Summary of Complaint**

**CRASH**No

**FIRE**No

**INJURIES**0

**DEATHS**0
MY NISSAN ALTIMA HAS THE DASHBOARD MELTING WHICH MAKES IT VISIBLE THRU THE WINDSHIELD WHICH MAKES IT MORE DIFFICULT TO DRIVE THE VEHICLE. I'VE ALMOST HAD 4 NEAR CAR ACCIDENTS WHERE THE MELTING DASHBOARD WAS THE ISSUE.

**1 Associated Product**[35]

**November 17, 2016** **NHTSA ID NUMBER: 10926713**
**Components: UNKNOWN OR OTHER**
**NHTSA ID Number:** 10926713

**Incident Date** June 15, 2013

**Consumer Location** CIBOLO, TX

**Vehicle Identification Number** 1N4AL21E88N****

**Summary of Complaint**

**CRASH**No

**FIRE**No

**INJURIES**0

**DEATHS**0
THE DASHBOARD IS MELTING. STARTED 3 YEARS AGO, WAS TOLD BY DEALERSHIP REPAIR SHOP TO CLEAN IT. IT HAS INCREASED IN SIZE AND NOTHING CLEANS IT. THE GLARE ONTO THE WINDOW IS TERRIBLE, DANGEROUS. HAS A STRANGE SMELL TO IT.

**1 Associated Product**[36]

---

[35] https://www.nhtsa.gov/vehicle/2008/NISSAN/ALTIMA/4%252520DR/FWD#complaints
[36] https://www.nhtsa.gov/vehicle/2008/NISSAN/ALTIMA/4%252520DR/FWD#complaints

## October 31, 2016 NHTSA ID NUMBER: 10920402
## Components: UNKNOWN OR OTHER

**NHTSA ID Number:** 10920402

**Incident Date** October 31, 2016

**Consumer Location** HOUSTON, TX

**Vehicle Identification Number** 1N4AL24E98C****

**Summary of Complaint**

**CRASH**No

**FIRE**No

**INJURIES**0

**DEATHS**0

THE DASHBOARD SEEMS TO BE MELTING. THE MATERIAL IS BECOMING STICKY AND CAN EASILY BE PEELED OFF, ALMOST LIKE PLAYDOUGH. ALSO IN SOME AREAS IT PRODUCES A GLARE AND IS VERY BOTHERSOME AND IF IT CONTINUES TO GET WORSE WILL EVEN BECOME QUITE DANGEROUS AS IT SORT OF BLINDS THE DRIVER TO SOME DEGREE.

**1 Associated Product**[37]

## March 19, 2016 NHTSA ID NUMBER: 10850588
## Components: UNKNOWN OR OTHER

**NHTSA ID Number:** 10850588

**Incident Date** March 19, 2016

**Consumer Location** SAN ANTONIO, TX

**Vehicle Identification Number** 1N4AL21E19N****

**Summary of Complaint**

**CRASH**No

**FIRE**No

**INJURIES**0

**DEATHS**0

THE DASHBOARD OF MY 2009 NISSAN ALTIMA IS MELTING, CREATING A SHINY, STICKY SURFACE. THE SHINE FROM THE MELTED DASH REFLECTS ON THE

---

[37] https://www.nhtsa.gov/vehicle/2008/NISSAN/ALTIMA/4%252520DR/FWD#complaints

WINDSHIELD CAUSING A GLARE THAT MAKES IT HAZARDOUS TO DRIVE.

**1 Associated Product**[38]


**October 11, 2016** **NHTSA ID NUMBER: 10915217**

## Components: UNKNOWN OR OTHER

**NHTSA ID Number:** 10915217

**Incident Date** August 1, 2012

**Consumer Location** HOUSTON, TX

**Vehicle Identification Number** 1N4AL21E89N****


**Summary of Complaint**

**CRASH**No

**FIRE**No

**INJURIES**0

**DEATHS**0

DASH BOARD HAS MELTED AND GOTTEN STICKY. BECAUSE OF THE MELTING IT HAS GOTTEN VERY SHINY AND CAUSES TERRIBLE GLARE ON THE WINDSHIELD THUS RESTRICTING VIEW AND MAKING DRIVING DANGEROUS BECAUSE OF LACK OF VISION ON THE ROAD. IT IS ALSO VERY MESSY IF YOU TOUCH OR LAY ANYTHING ON THE DASH. I WOULD SUSPECT IT TO BE UNHEALTHY ALSO SINCE THE CHEMISTRY IN THE MATERIAL HAS CHANGED. I LIVE IN HOUSTON, TEXAS AND MY CAR IS OUT IN THE SUN AND WEATHER MOST OF THE TIME. WE DEPEND ON THIS VEHICLE FOR MOST OF OUR TRANSPORTATION.

THIS PROBLEM IS ALWAYS THERE, BUT IS SIGNIFICANTLY WORSE IN HOT/SUNSHINY WEATHER. IT LOOKS LIKE PUDDLE ON THE DASH AND ALSO LOOKS LIKE THE DASH IS ABOUT TO DRIP OFF. IT IS EVEN STICKY AND SHINY AT NIGHT.

THIS HAS BEEN A GRADUAL THIN THAT STARTED ABOUT 2012 AND HAS GOTTEN WORSE AND WORSE.

**1 Associated Product**[39]

---

[38] https://www.nhtsa.gov/vehicle/2009/NISSAN/ALTIMA/4%252520DR/FWD#complaints
[39] https://www.nhtsa.gov/vehicle/2009/NISSAN/ALTIMA/4%252520DR/FWD#complaints

Through social media, Nissan has been made aware of this nationwide problem affecting thousands of consumers.[40]

 

[40] https://www.facebook.com/nissanusa/posts_to_page/




41.     Facing a consumer fraud lawsuit, Nissan has even settled claims from Florida consumers about the defective dashboards. Nonetheless, no resolution for those outside of Florida has been offered.  Consumers in Texas and other states are left without recourse.

42.     As recently as March 2017, individuals from Texas have referenced their shared complaints regarding their melting dashboards on a Facebook group called "Nissan Melting Dashboards."



## CLASS ACTION ALLEGATIONS

43.     Plaintiff proposes to represent: *All persons residing in Texas who purchased or leased a model year 2007-2009 Nissan Altima*.

44.     Excluded from the proposed class is Nissan; any affiliate, parent, or subsidiary of Nissan;  any entity in which Nissan has a controlling interest; any officer, director, or employee of Nissan; any  successor or assign of Nissan; anyone employed by counsel for Plaintiff in this action; any judge to  whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to  either of them, as well as the spouses of such persons; and anyone who purchased a Class Vehicle for the  purpose of resale.

45.     This action has been brought and may properly be maintained on behalf of the class  proposed above under the criteria of Federal Rule of Civil Procedure Rule 23.

46.     <u>Numerosity</u>. Nissan sold hundreds of thousands of Class Vehicles, including a substantial number in Texas.  Members of the proposed class likely number in the tens of thousands and are thus too numerous to practically join in a single action.  Class members may be notified of the pendency of this action by mail, supplemented by published notice (if deemed necessary  or appropriate by the Court).

47.     <u>Existence and predominance of common questions</u>.  Common questions of law and fact  exist as to all members of the proposed class and predominate over questions affecting only individual  class members.  These common questions include whether:

a.     Class Vehicles were factory equipped with defective dashboards;

b.     Nissan knew or should have known about the dashboard defect and, if so, when Nissan discovered the defect;

c.     The existence of the dashboard defect would be important to a reasonable person, for example, because they pose an unreasonable safety risk;

d.     Nissan disclosed the dashboard defect to potential customers;

e.     Nissan dealerships have failed to provide free dashboard repairs for Class Vehicles.

48.     <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the proposed class. Plaintiff  and the class members they propose to represent purchased a Class Vehicle that contains the same  defective dashboard, giving rise to substantially the same state and federal claims.

49.     <u>Adequacy</u>.  Plaintiff is an adequate representative of the proposed class because his interests do not conflict with the interests of the members of the class he seeks to represent. Plaintiff  has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends   to prosecute this action vigorously.  The interests of members of the class will be fairly and adequately  protected by Plaintiff and his counsel.

50.     <u>Superiority</u>.  The class action is superior to other available means for the fair and efficient adjudication of this dispute.  The injury suffered by each class member, while meaningful on an  individual basis, is not of such magnitude as to make the prosecution of individual actions against      Nissan economically feasible.  Even if class members themselves could afford such individualized  litigation, the court system could not.  In addition to the burden and expense of managing many actions  arising from the Nissan defect, individualized litigation presents a potential for inconsistent or   contradictory judgments.  Individualized litigation increases the delay and expense to all parties and the  court system presented by the legal and factual issues of the case.  By contrast, the class action device  presents far fewer management difficulties and provides the benefits of single adjudication, economy of  scale, and comprehensive supervision by a single court.

51.    In the alternative, the proposed class may be certified because:

a.    the prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent or varying adjudication with respect to  individual class members which would establish incompatible standards of  conduct for Nissan;

b.    the prosecution of separate actions by individual class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications,  or substantially impair or impede their ability to protect their interests; and

c.    Nissan has acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final and injunctive relief with respect to the  members of the proposed class as a whole.

## <u>FIRST CAUSE OF ACTION</u>

### Violations of the Texas Deceptive Trade Practices Act

52.    Plaintiff, on behalf of himself and the proposed Class, hereby re-alleges the paragraphs above.

53.    Plaintiff and the proposed Class are individuals, partnerships and corporations with assets of less than $25 million (or are controlled by corporations or entities with less than $25 million in assets). *See* TEX. BUS. & COM. Code § 17.41.

54.    The Texas Deceptive Trade Practices-Consumer Protection Act ("Texas DTPA") provides a private right of action to a consumer where the consumer suffers economic damage as the result of either (i) the use of false, misleading or deceptive act or practice specifically enumerated in TEX. BUS. & COM. Code § 17.46(b); (ii) "breach of an express or implied

warranty" or (iii) "an unconscionable action or course of action by any person." TEX. BUS. & COM. Code § 17.50(a)(2) & (3).

55.     An "unconscionable action or course of action," means "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. BUS. & COM. Code § 17.45(5). As detailed herein, Nissan has engaged in an unconscionable action or course of action and thereby caused economic damages to Plaintiff and the proposed Class.

56.     Nissan has also breached the implied warranty of merchantability with respect to Plaintiff and the proposed Class as set forth below.

57.     Nissan has also violated the specifically enumerated provisions of TEX. BUS. & COM. Code § 17.46(b) by, at a minimum: (1) representing that the Class Vehicles have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the Class Vehicles are of a particular standard, quality, and grade when they are not; (3) advertising the Class Vehicles with the intent not to sell them as advertised; (4) failing to disclose information concerning the Class Vehicles with the intent to induce consumers to purchase or lease the Class Vehicles.

58.     In the course of its business, Nissan concealed the melting dashboard defect in the Class Vehicles as described herein and otherwise engaged in activities with a tendency or capacity to deceive. Nissan also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Class Vehicles.

59.     Nissan knew of the defects affecting many models and years of Nissan and Infinity-branded vehicles, because of multiple reports, investigations, and notifications from consumers, lawyers, and regulatory authorities. Nissan became aware of the melting dash defect years ago, but concealed all of that information until recently.

60.     Nissan was also aware that it valued cost-cutting over safety, selected parts from the cheapest supplier regardless of quality, and that this approach would necessarily cause the existence of defects in the vehicles it designed and manufactured and the failure to disclose and remedy defects in the Class Vehicles.

61.     By failing to disclose and by actively concealing the defects in the Class Vehicles, by marketing its vehicles as reliable and of high quality, and by presenting itself as a reputable manufacturer that valued quality, safety and stood behind its vehicles after they were sold, Nissan engaged in deceptive and unconscionable business practices in violation of the Texas DTPA.

62.     In the course of Nissan's business, it willfully failed to disclose and actively concealed the dangerous risk posed by the serious defect discussed above.

63.     Nissan's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff, about the true safety and reliability of Nissan-branded vehicles, the quality of the Nissan brand, and the true value of the Class Vehicles.

64.     Nissan intentionally and knowingly misrepresented material facts regarding the Class Vehicles with the intent to mislead Plaintiff and the proposed Class.

65.     Nissan knew or should have known that its conduct violated the Texas DTPA.

66.     Nissan owed Plaintiff a duty to disclose the true safety and reliability of the Class Vehicles, because Nissan:

a.  Possessed exclusive knowledge of the defect in the Class Vehicles;

b.  Intentionally concealed the foregoing from Plaintiff; and/or

c.  Made incomplete representations about the safety and reliability of the Class Vehicles generally, while purposefully withholding material facts from Plaintiff and other consumers.

67.  Because Nissan fraudulently concealed the many defects in the Class Vehicles, resulting in a raft of negative publicity once the defects finally began to be disclosed, the value of the Class Vehicles has greatly diminished. In light of the stigma attached to those vehicles Nissan's conduct, the Class Vehicles are now worth significantly less than they otherwise would be.

68.  Nissan's concealment of the defect was material to Plaintiff and the proposed Class. A vehicle made by a reputable manufacturer of safe vehicles is safer and worth more than an otherwise comparable vehicle made by a disreputable manufacturer of unsafe vehicles that conceals defects rather than promptly remedying them.

69.  As the foregoing allegations demonstrate, Nissan, by its misrepresentations and failure to disclose material facts about the safety and quality of its vehicles, which resulted in at least two known crashes, and economically injured thousands more. Nissan thereby engaged in acts or practices which, to the detriment of Plaintiff and the proposed Class, took advantage of their lack of knowledge, ability, experience, and capacity to a grossly unfair degree. In other words, Nissan engaged in unconscionable actions or an unconscionable course of action as to Plaintiff and the proposed Class.

70.  Plaintiff and the proposed Class suffered ascertainable loss caused by Nissan's misrepresentations and its concealment of and failure to disclose material information. As the

result of Nissan's deceptive practices, and unconscionable course of action, as set forth in detail above, Plaintiff and the proposed Class would have paid less for their Class Vehicles or would not have purchased or leased them at all. Under TEX. BUS. & COM. Code § 17.50(b)(1), Plaintiff is entitled to recover such economic damages.

71.     As set forth in more detail in a separate cause of action, Nissan breached of the implied warranty of merchantability with respect to Plaintiff and the proposed Class, and engaged in an unconscionable course of action "knowingly," which means it did so with "actual awareness of the fact of the act, practice, condition, defect or failure constituting the breach of warranty" and with "actual awareness, at the time of the act or practice complained of, of the falsity, deception or unfairness of the act or practice giving rise to the consumer's claim…." TEX. BUS. & COM. Code § 17.45(9). Accordingly, pursuant to TEX. BUS. & COM. Code § 17.50(b)(1), Plaintiff and the proposed Class are entitled to additional damages in an amount up to three times the amount of economic damages.

72.     Nissan's conduct presents a continuing risk to Plaintiff as well as to the general public. Nissan's unlawful acts and practices complained of herein affect the general motoring public.

73.     Pursuant to TEX. BUS. & COM. Code § 17.50(a)(1) and (b), Plaintiff and the proposed Class seek monetary relief against Nissan measured as actual damages in an amount to be determined at trial, treble damages for Nissan's knowing violations of the Texas DTPA, and any other just and proper relief available under the Texas DTPA.

74.     Alternatively, or additionally, pursuant to TEX. BUS. & COM. Code § 17.50(b)(3) & (4), Plaintiff and the proposed Class are entitled to disgorgement or to rescission or to any

other relief necessary to restore any money or property that was acquired from them based on violations of the Texas DTPA or which the Court deems proper.

75.     Plaintiff and the Proposed Class are also entitled to recover court costs and reasonable and necessary attorneys' fees under § 17.50(d) of the Texas DTPA.

76.     On May 9, 2017, Plaintiff sent a letter complying with TEX. BUS. & COM. Code § 17.505(a) to Nissan North America, Inc.

<u>**SECOND CAUSE OF ACTION**</u>

**Breach of Implied Warranty of Merchantability**

(TEX. BUS. & COM. Code § 2.314)

**77.**     Plaintiff re-alleges and incorporates by reference all paragraphs as though fully set forth herein.

78.     Nissan was a merchant with respect to the Class Vehicles under TEX. BUS. & COM. Code § 2.104.

79.     Under TEX. BUS. & COM. Code § 2.314, a warranty that the Class Vehicles were in merchantable condition was implied by law in the transaction in which Plaintiff and the proposed Class purchased or leased their Class Vehicles from Nissan.

80.     Nissan impliedly warranted that the Class Vehicles were of good and merchantable quality and fit, and safe for their ordinary intended use – transporting the driver and passengers in reasonable safety during normal operation, and without unduly endangering them or members of the public.

81.     The Class Vehicles, when sold and at all times thereafter, were not merchantable and are not fit for the ordinary purpose for which cars are used. Specifically, the defective dashboards are inherently defective in that there are defects in the materials used that cause the

dashboard to melt and cast a reflective glow on the windshield which has been known to reslt in at least two known crashes.

82.      As a direct and proximate result of Nissan's breach of the implied warranty of merchantability, Plaintiff and the proposed Class have been damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### Money Had and Received / Unjust Enrichment

83.      Plaintiff, on behalf of himself and the proposed class, hereby re-alleges the paragraphs above.

84.      Plaintiff pleads this cause of action in the alternative to his other causes of action.

85.      Plaintiff brings this claim individually and on behalf of the proposed Class.

86.      Plaintiff and Class members have conferred non-gratuitous benefits on Defendant by  purchasing and leasing Class Vehicles, reasonably expecting to receive a vehicle that was free of  defects.

87.      Defendant has knowledge of and has accepted and retained the benefits conferred.

88.      The Class Vehicles purchased and used by Plaintiff and Class members contained defective dashboards, and Plaintiff and Class members would not have paid money for their vehicles,  or would have paid substantially less for their vehicles had they been aware that their vehicles had  defective dashboards. Under the circumstances, it would be inequitable for Defendant to retain the   benefit conferred without compensating Plaintiff and Class members.

89.      Plaintiff requests that this Court enter judgment in his favor for disgorgement and restitution of the benefits conferred on Defendant, including wrongful profits and revenues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a.    For an order certifying the proposed class and appointing Plaintiff and his counsel to  represent the class;

b.    For an order awarding Plaintiff and the members of the class actual damages;

c.    For an order awarding Plaintiff and the members of the class restitution, disgorgement or  other equitable relief as the Court deems proper;

d.    For an order requiring Nissan to adequately disclose and repair the dashboard defect;

e.    For an order awarding Plaintiff and the members of the class pre-judgment and post-  judgment interest;

f.    For an order awarding Plaintiff and the members of the class reasonable attorney fees  and costs of suit, including expert witness fees; and

g.    For an order awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: May 11, 2017                    Respectfully submitted,

                                       STECKLER GRESHAM COCHRAN PLLC

                                       */s/ Bruce W. Steckler*
                                       Bruce W. Steckler
                                       R. Dean Gresham (*not yet admitted*)
                                       L. Kirstine Rogers
                                       12720 Hillcrest Rd., Ste. 1045
                                       Dallas, TX 75230
                                       Tel: 972.387.4040
                                       Fax: 972.387.4041
                                       bruce@stecklerlaw.com
                                       dean@stecklerlaw.com
                                       krogers@stecklerlaw.com

                                       ***Attorneys for Plaintiff and the Putative Class***